```
             UNITED STATES DISTRICT COURT FOR THE
               WESTERN DISTRICT OF NORTH CAROLINA
                       CHARLOTTE DIVISION
                         3:98CV355-MU
                        (3:94CR95-5-V)
```

| | |
|---|---|
| **KEITH DESMOND WRIGHT,** ) | |
|     Petitioner, ) | |
| ) | |
|         v. ) | **O R D E R** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
|     Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court on review of Petitioner's "Motion To Set Aside Judgment Pursuant To Rule 60(b)(5) and 60(b)-(6)," filed October 11, 2006 (document # 22); and on his "Motion For Clarification Of The Status Of The Case," filed April 16, 2007 (document #23). For the reasons stated herein, Petitioner's Rule 60 Motion will be <u>denied</u>; and his Motion for Clarification will be <u>dismissed</u> as moot.

Pertinent to this Motion, the record reflects that on January 25, 1996, a jury convicted Petitioner of possession of crack cocaine with the intent to distribute that substance in violation of 21 U.S.C. § 841(a)(1); and the jury convicted him of aiding and abetting that offense, in violation of 18 U.S.C. § 2. On May 30, 1996, the Court sentenced Petitioner to a term of life imprisonment. Petitioner timely appealed his case to the Fourth Circuit Court of Appeals.

On appeal, Petitioner raised some ten claims for review,

1

including a claim "that he was denied the counsel of his choice based on 'the government's claim to the defense and to the court of an actual rather than potential conflict which was false. The government's desire to win overcame its ethical, moral and legal obligation to tell the truth about Marvin Graham'" (Petitioner's Rule 60(b) Motion at 4, document # 22). However, the Fourth Circuit rejected that claim, concluding that Petitioner had "failed to show that his claims concerning counsel were material to his conviction or that having counsel of choice would have resulted in acquittal." United States v. Wright, No. 96-4451, slip op. at 4 n. 3 (4th Cir. Oct. 28, 1997). Furthermore, the Appellate Court rejected all of Petitioner's other claims, and affirmed his convictions and sentence. Id.

Next, on August 17, 1998, Petitioner filed a Motion to Vacate under 28 U.S.C. § 2255, challenging various matters. Of significance here, Petitioner alleged that he had been subjected to "[p]rosecutorial misconduct as to client-attorney relationship in violation of the Fifth and Sixth Amendment" (Petitioner's Rule 60(b) Motion at 4, document # 22). In support of that claim, Petitioner asserted that the prosecutor had "lied to get the judge to dismiss counsel adequately representing petitioner, and secured trial strategy . . . . " Id. at 4-5. Not surprisingly, however, this Court rejected that claim on the grounds that it was factually baseless, and it already was rejected on direct appeal. (See

2

document # 10). Thereafter, Petitioner's request for a certificate of appealability to appeal the denial of his Motion to Vacate was denied by this Court's Order of March 22, 1999 (document # 14).

In any event, Petitioner has returned to this Court with the instant Motion by which he purportedly is seeking Rule 60(b) relief. Specifically, Petitioner argues that the Court procedurally erred in denying his claim without first appointing <u>habeas</u> counsel for him and conducting an evidentiary hearing; that he now can prove that Marvin Graham -- the person who allegedly was used by the Government to raise a conflict with his counsel of choice -- never was going to be called as a witness by the Government; and that the Supreme Court's ruling in <u>United States v. Gonzalez-Lopez</u>, 548 U.S. 140, 126 S. Ct. 2557 (2006)[1] entitles him to reversal of his conviction on his counsel-of-choice claim. However, Petitioner's Motion for Relief under Rule 60(b)(5) and (6) must be denied.

Rule 60(b) provides that, on motion and upon such terms as are just, the court may relieve a party from a final judgment, order, or proceeding when "(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other

---

[1] In <u>Gonzalez-Lopez</u>, the Court held that the denial of a defendant's right to retain the attorney of his choice was a structural error which required reversal of his conviction. 126 S.Ct. at 2564.

reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). As broad as that language may appear to be, it is clear that "Rule 60(b) does not authorize a motion merely for reconsideration of an issue . . . . Where the motion is nothing more than a request that the district court change its mind, [] it is not authorized by Rule 60(b)" U.S. v. Williams, 674 F.2d 310, 313 (4th Cir. 1982), citing 11 Wright & Miller, Fed. Prac. and Proc. § 2872 (1973); see also Adkins v. N.C. Att'y Gen., 217 F.3d 837 (4th Cir. 2000); U.S. v. Akas, 172 F.3d 45 (4th Cir. 1998); and Copley v. U.S., 106 F.3d 390 (4th Cir. 1997). Moreover, it is well settled that the question whether or not to grant a Rule 60(b) motion is within the sound discretion of the district court. See Evans v. United Life & Accident Ins. Co., 871 F.2d 466, 472 (4th Cir. 1989); Park Corp. V. Lexington Ins. Co., 812 F.2d 894, 896 (4th Cir. 1987); and Werner v. Carbo, 731 F.2d 204, 206 (4th Cir. 1984).

At the outset, the Court notes that it has not escaped its attention that Petitioner's Motion is not aimed at a judgment which has been satisfied, released, or discharged; it is not aimed at a prior judgment which has been reversed or otherwise vacated; and Petitioner does not argue that it is "no longer equitable that the judgment should have prospective application." Therefore, this Court need not even consider Petitioner's request for relief under Rule 60(b)(5).

4

As to his request under Rule 60(b)(6), Petitioner's Motion first asserts that the Court erred in denying his habeas claim without first appointing him counsel and granting a hearing in the matter. However, neither of those measures were required in this case.

Indeed, as this Court pointed out in its Order dismissing Petitioner's Motion to Vacate, the Fourth Circuit already has flatly rejected his choice-of-counsel claim. It is well settled that in the absence of a favorable, intervening change in the law which can be applied on collateral review, a petitioner simply is not free to re-litigate claims which already were rejected on direct review. Davis v. United States, 417 U.S. 333, 342 (1974); Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir.), cert. denied, 429 U.S. 863 (1976). Accordingly, because Petitioner did not direct the Court's attention to any intervening change in the law which would have authorized him to reassert his claim in his Motion to Vacate,[2] that matter properly was summarily rejected by

---

[2] Although he could not have argued this when he filed his Motion to Vacate in 1998, Petitioner now claims that the Supreme Court's 2006 ruling in Gonzalez-Lopez entitles him to relief on his choice-of-counsel claim. However, this argument must fail. First, Gonzalez-Lopez involved retained, not court-appointed counsel. Therefore, Petitioner's case factually is distinguishable on a significant ground. See Wheat v. United States, 486 U.S. 153, 159 (1988) (noting that right to counsel of choice is applicable to defendants who do "not require appointed counsel . . . ." Second, Gonzalez-Lopez involved a retained attorney who improperly was precluded by a trial court from representing a defendant not, as was the case here, an attorney who voluntarily withdrew from representation. Third, and most critically, the Supreme Court did not make the rule from Gonzalez-Lopez retroactively applicable to cases on collateral review. Therefore, even if its facts did not render it inapplicable here, Gonzalez-Lopez's holding still could not provide Petitioner any relief under this Rule 60(b) Motion.

5

this Court.

Moreover, because Petitioner did not submit Marvin Graham's Affidavit with his Motion to Vacate, he cannot now rely upon that document to secure relief under Rule 60(b). In <u>United States v. Winestock</u>, 340 F.3d 200 (4th Cir.), <u>cert. denied</u>, 540 U.S. 995 (2003), the Fourth Circuit Court of Appeals explained how to distinguish an actual request for reconsideration from a prohibited successive collateral attack on a conviction. That is, in <u>Winestock</u>, the Court noted that a post-judgment motion -- regardless of how it may be captioned –- which either raises new arguments, makes proffers of additional evidence, or which continues previous arguments in opposition to the movant's conviction(s) actually is a successive motion. <u>Id</u>. at 207. Without question, then, Petitioner's proffer of Mr. Graham's Affidavit goes far beyond the scope of Rule 60(b). Therefore, this attempt to circumvent the rules concerning successive motions must be rejected. See 28 U.S.C. § 2244 (explaining requirement for pre-filing authorization of successive claims by circuit courts).

Finally, Petitioner has filed a Motion for Clarification of the Status of the Case, inquiring about the status of his Rule 60(b) Motion. However, inasmuch as this Court now is rendering a decision on Petitioner's Rule 60(b) Motion, his Motion for Clarification can be dismissed as moot.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

6

1. Petitioner's Rule 60(b) Motion (document #22) is **DENIED;** and

2. Petitioner's Motion for Clarification (document # 23) is **DISMISSED as moot.**

**SO ORDERED.**

Signed: April 7, 2008

Graham C. Mullen
United States District Judge